**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANGELICA E. MORENO,       )<br>                                                  )<br>            Plaintiff,                  )<br>                                                  )<br>vs.                                             )<br>                                                  )<br>KENNETH ALLEN HEINEMANN, AS)<br>TRUSTEE OF HEINEMANN FAMILY)<br>TRUST,                                     )<br>                                                  )<br>            Defendant.              )<br>                                                  ) | No. CIV 12-838-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Remand to State Court (Doc. 7). Plaintiff has not filed a response.[1]

*Status of Case*

On November 13, 2012, Plaintiff Angelica E. Moreno ("Moreno) filed a Complaint in the United States District Court, District of Arizona. The Court screened the Complaint and dismissed with Complaint with leave to amend. In its Order, the Court pointed out that the statute referred to by Moreno required the action to be brought in the superior court in the county in which the real property is located. The Court also discussed the elements of some state law claims.

On November 19, 2012, Moreno filed an Amended Complaint.

---

[1] *See* LRCiv 7.2(i) (failure to file a response may be deemed a consent to the granting of a motion).

Plaintiff's original Complaint did not indicate that an action was being removed from state court. However, Plaintiff's Complaint did seek as relief, *inter alia*, that the state court be compelled to permit access to documents regarding "said case at hand." Complaint, p. 3. Further, Plaintiff's Amended Complaint includes Exhibit C, which is a Notice of Removal filed in the Superior Court of the State of Arizona, in and for the County of Pima, on November 14, 2012, in state court case number C20126494.

If subject matter jurisdiction does not exist, remand is only appropriate if this action was removed from the state court. Although neither Moreno's original Complaint nor her Amended Complaint indicate that the action was being removed from state court, Moreno clearly filed a Notice of Removal in the state court action and appears to seek review of the issues involved in the state court action. Additionally, a review of the Court's electronic filing system indicates that Moreno did not remove the state court action into a different case in this Court. The Court finds this action includes claims subject to the removal notice filed in Pima County Superior Court case number C20126494; the Court, therefore, will determine whether remand is appropriate.

Additionally, because Moreno appears to seek to present claims in additional to those presented in the state court action, the Court must determine if those claims may proceed.

*Removal/Remand*

State court actions that originally could have been filed in federal court may be removed to federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The removal statutes are to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 686, 872, 85 L.Ed.1214 (1941). Federal courts will decline jurisdiction if there is any doubt as to the propriety of removal. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. *See* 28 U.S.C. § 1447(c). Moreover, a district court is under a duty to examine, on its own motion,

1 whether a removed case should be remanded to state court; the court need not wait for a
2 motion to remand.  *In re MacNeil Bros. Co.*, 259 F.2d 386, 388 (1st Cir. 1958), *see also*
3 *Kattalla Co. v. Rones*, 186 F. 30 (9th Cir. 1911) (district court may, on its own motion,
4 decline to exercise jurisdiction over removed action).

5   Although Moreno filed a Notice of Removal in the state action, Moreno did not file
6 a Notice of Removal in this case.  While Moreno's actions had the effect of ceasing progress
7 in the state action, her failure to complete the removal process in this case has resulted in
8 this Court lack of access to the claims involved in the state action.  *See* LRCiv 3.6 ("The
9 removing party must file copies of all pleadings and other documents that were previously
10 filed with the state court[.]").  However, based on the pleadings, briefs of the parties, and
11 review of Pima County case information available online it appears the state case regards
12 an eviction action following a Trustee Sale of Real Property.  In other words, the state action
13 involves state law.  Additionally, although Moreno asserted diversity jurisdiction in her
14 original Complaint, the information before the Court does not indicate that diversity of
15 citizenship exists.

16   Article III, § 2 of the Constitution extends the judicial power to "controversies ...
17 between citizens of different states."  Federal district courts have original jurisdiction over
18 cases where there is complete diversity of citizenship, i.e., between citizens of different
19 states, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *see also*
20 *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d
21 391 (1994).  Indeed, 28 U.S.C. § 1332 "requires complete diversity – no plaintiff may be
22 a citizen of the same state as any defendant."  *Cady v. American Family Ins. Co.*, 771
23 F.Supp.2d 1129, 1130 (D.Ariz. 2011), *citing Lincoln Property Co. v. Roche*, 546 U.S. 81,
24 82, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed.
25 435 (1806).  Moreno, as the party asserting diversity jurisdiction, has the burden of proof.
26 *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).  Here, Moreno's Amended Complaint indicates
27 that she resides in Tucson, Arizona and that Defendant has an address in Green Valley,
28 Arizona.  The Court finds diversity of citizenship has not been established and that the Court

- 3 -

1  does not have subject matter jurisdiction over the claims in C20126494.  The Court will
2  remand C20126494 to the state court.

*Amended Complaint*

The Court's November 16, 2012, Order advised Moreno that any causes of action alleged in the original complaint which were not alleged in any amended complaint would be waived.  *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987).  Moreno's amended complaint fails to correct the deficiencies discussed by the Court in its November 16, 2012, Order.  The Amended Complaint fails to state any claims; rather the Amended Complaint simply refers to attached documents.  Moreno has not alleged any facts, let alone "enough facts to state a claim to relief that is plausible on its facts."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level."  *Id*. at 1964-65.  By failing to allege any facts, Moreno has failed to state a right to relief above a speculative level.

The Court finds dismissal of new claims (as opposed to any removed claims) is appropriate.  Moreover, as Moreno has had an opportunity to amend her Complaint and the Court has previously provided the reasons for the dismissal so Moreno could make an intelligent decision whether to file an amended complaint, *see Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987), the Court finds it is not appropriate to permit Moreno an opportunity to amend her Complaint a second time.

Accordingly, IT IS ORDERED:

1.  Moreno's Motion to Proceed Without Prepaying Fees or Costs (Doc. 2) is

1  GRANTED.[2]

2      2.    Defendant's Motion to Remand to State Court (Doc. 7) is GRANTED.

3      3.    This matter is REMANDED to the Pima County Superior Court (Cause # C201264940086931) pursuant to 28 U.S.C. § 1447.

    4.    The Clerk of Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court.

    5.    Moreno's Amended Complaint and this action are DISMISSED.

    6.    The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 26th day of December, 2012.

_____
Cindy K. Jorgenson
United States District Judge

---

[2] The Court's November 16, 2012, stated that this Motion would be granted, but failed to include an order to that effect.

- 5 -