1    **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8
    ANGELICA E. MORENO,                    )
9                                          )
            Plaintiff,                     )
10                                         )      No. CIV 12-838-TUC-CKJ
    vs.                                    )
11                                         )            **ORDER**
    KENNETH ALLEN HEINEMANN, AS)
12  TRUSTEE OF HEINEMANN FAMILY)
    TRUST,                                 )
13                                         )
            Defendant.                     )
14  _____)

15          Pending before the Court is Defendant's Motion to Remand to State Court (Doc. 7).

16  Plaintiff has not filed a response.[1]

17

18  *Status of Case*

19          On November 13, 2012, Plaintiff Angelica E. Moreno ("Moreno) filed a Complaint

20  in the United States District Court, District of Arizona.  The Court screened the Complaint

21  and dismissed with Complaint with leave to amend.  In its Order, the Court pointed out that

22  the statute referred to by Moreno required the action to be brought in the superior court in

23  the county in which the real property is located.  The Court also discussed the elements of

24  some state law claims.

25          On November 19, 2012, Moreno filed an Amended Complaint.

26

27
    _____
28          [1]*See* LRCiv 7.2(i) (failure to file a response may be deemed a consent to the granting
    of a motion).

1    Plaintiff's original Complaint did not indicate that an action was being removed from

2    state court.  However, Plaintiff's Complaint did seek as relief, *inter alia*, that the state court

3    be compelled to permit access to documents regarding "said case at hand."  Complaint, p.

4    3.    Further, Plaintiff's Amended Complaint includes Exhibit C, which is a Notice of

5    Removal filed in the Superior Court of the State of Arizona, in and for the County of Pima,

6    on November 14, 2012, in state court case number C20126494.

7    If subject matter jurisdiction does not exist, remand is only appropriate if this action

8    was removed from the state court.  Although neither Moreno's original Complaint nor her

9    Amended Complaint indicate that the action was being removed from state court, Moreno

10    clearly filed a Notice of Removal in the state court action and appears to seek review of the

11    issues involved in the state court action.  Additionally, a review of the Court's electronic

12    filing system indicates that Moreno did not remove the state court action into a different

13    case in this Court.  The Court finds this action includes claims subject to the removal notice

14    filed in Pima County Superior Court case number C20126494; the Court, therefore, will

15    determine whether remand is appropriate.

16    Additionally, because Moreno appears to seek to present claims in additional to those

17    presented in the state court action, the Court must determine if those claims may proceed.

18

19    *Removal/Remand*

20    State court actions that originally could have been filed in federal court may be

21    removed to federal court.  28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386,

22    392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).  The removal statutes are to be strictly

23    construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 686, 872,

24    85 L.Ed.1214 (1941).  Federal courts will decline jurisdiction if there is any doubt as to the

25    propriety of removal.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  If at any

26    time before final judgment it appears that the district court lacks subject matter jurisdiction

27    over a case that has been removed to federal court, the case must be remanded.  *See* 28

28    U.S.C. § 1447(c).  Moreover, a district court is under a duty to examine, on its own motion,

- 2 -

1  whether a removed case should be remanded to state court; the court need not wait for a

2  motion to remand.  *In re MacNeil Bros. Co.*, 259 F.2d 386, 388 (1st Cir. 1958), *see also*

3  *Kattalla Co. v. Rones*, 186 F. 30 (9th Cir. 1911) (district court may, on its own motion,

4  decline to exercise jurisdiction over removed action).

5       Although Moreno filed a Notice of Removal in the state action, Moreno did not file

6  a Notice of Removal in this case.  While Moreno's actions had the effect of ceasing progress

7  in the state action, her failure to complete the removal process in this case has resulted in

8  this Court lack of access to the claims involved in the state action.  *See* LRCiv 3.6 ("The

9  removing party must file copies of all pleadings and other documents that were previously

10  filed with the state court[.]").  However, based on the pleadings, briefs of the parties, and

11  review of Pima County case information available online it appears the state case regards

12  an eviction action following a Trustee Sale of Real Property.  In other words, the state action

13  involves state law.  Additionally, although Moreno asserted diversity jurisdiction in her

14  original Complaint, the information before the Court does not indicate that diversity of

15  citizenship exists.

16       Article III, § 2 of the Constitution extends the judicial power to "controversies ...

17  between citizens of different states."  Federal district courts have original jurisdiction over

18  cases where there is complete diversity of citizenship, i.e., between citizens of different

19  states, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *see also*

20  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d

21  391 (1994).  Indeed, 28 U.S.C. § 1332 "requires complete diversity – no plaintiff may be

22  a citizen of the same state as any defendant."  *Cady v. American Family Ins. Co.*, 771

23  F.Supp.2d 1129, 1130 (D.Ariz. 2011), *citing Lincoln Property Co. v. Roche*, 546 U.S. 81,

24  82, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed.

25  435 (1806).  Moreno, as the party asserting diversity jurisdiction, has the burden of proof.

26  *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).  Here, Moreno's Amended Complaint indicates

27  that she resides in Tucson, Arizona and that Defendant has an address in Green Valley,

28  Arizona.  The Court finds diversity of citizenship has not been established and that the Court

1  does not have subject matter jurisdiction over the claims in C20126494. The Court will

2  remand C20126494 to the state court.

3

4  *Amended Complaint*

5  The Court's November 16, 2012, Order advised Moreno that any causes of action

6  alleged in the original complaint which were not alleged in any amended complaint would

7  be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir.

8  1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th

9  Cir. 1987). Moreno's amended complaint fails to correct the deficiencies discussed by the

10  Court in its November 16, 2012, Order. The Amended Complaint fails to state any claims;

11  rather the Amended Complaint simply refers to attached documents. Moreno has not

12  alleged any facts, let alone "enough facts to state a claim to relief that is plausible on its

13  facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d

14  929 (2007). While a complaint need not plead "detailed factual allegations," the factual

15  allegations it does include "must be enough to raise a right to relief above the speculative

16  level." *Id*. at 1964-65. By failing to allege any facts, Moreno has failed to state a right to

17  relief above a speculative level.

18  The Court finds dismissal of new claims (as opposed to any removed claims) is

19  appropriate. Moreover, as Moreno has had an opportunity to amend her Complaint and the

20  Court has previously provided the reasons for the dismissal so Moreno could make an

21  intelligent decision whether to file an amended complaint, *see Bonanno v. Thomas*, 309 F.2d

22  320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987), the Court finds it is

23  not appropriate to permit Moreno an opportunity to amend her Complaint a second time.

24  Accordingly, IT IS ORDERED:

25  1.  Moreno's Motion to Proceed Without Prepaying Fees or Costs (Doc. 2) is

26

27

28

- 4 -

GRANTED.[2]

     2.     Defendant's Motion to Remand to State Court (Doc. 7) is GRANTED.

     3.     This matter is REMANDED to the Pima County Superior Court (Cause # C201264940086931) pursuant to 28 U.S.C. § 1447.

     4.     The Clerk of Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court.

     5.     Moreno's Amended Complaint and this action are DISMISSED.

     6.     The Clerk of Court shall enter judgment and shall then close its file in this matter.

     DATED this 26th day of December, 2012.

_____
Cindy K. Jorgenson
United States District Judge

---

[2]The Court's November 16, 2012, stated that this Motion would be granted, but failed to include an order to that effect.